UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOCEL RAVANNACK | CIVIL ACTION |
| VERSUS | NO: 14–2542 |
| UNITED HEALTHCARE INSURANCE COMPANY | SECTION: "H"(3) |

### ORDER AND REASONS

Before the Court is Defendant's Motion for Partial Summary Judgment (Doc. 17). For the following reasons, the Motion is DENIED. The Court also gives notice to the parties that it is considering granting partial summary judgment to Plaintiff pursuant to Rule 56(f). In light of this notice, the parties may file additional briefing as outlined in this order.

### BACKGROUND

Plaintiff Jocel Ravannack filed this action in Louisiana state court seeking judicial review of Defendant United Healthcase's denial of health insurance

1

benefits. Defendant removed the action to this Court, contending that the health insurance plan at issue was governed by the Employee Retiree Income Security Ace of 1974 ("ERISA"). In response to this Court's case management order, the parties stipulated that ERISA governed the plan at issue (Doc. 15). The parties do not agree, however, on the appropriate standard of review in this case. Accordingly, Defendant filed the instant Motion asking this Court to determine the appropriate standard.

## LAW AND ANALYSIS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2] Because the standard of review applicable to an ERISA case is a pure question of law,[3] summary judgment is an appropriate vehicle for raising the issue.

It is well settled that ERISA benefit denials are "reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the

---

[1] Fed. R. Civ. P. 56(c) (2012).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[3] *Branson v. Greyhound Lines, Inc., Amalgamated Council Ret. & Disability Plan*, 126 F.3d 747, 756 (5th Cir. 1997).

terms of the plan."[4]  "Discretionary authority cannot be implied; an administrator has no discretion to determine eligibility or interpret the plan unless the plan language expressly confers such authority on the administrator."[5] The plan need not contain any specific "magic words" granting discretion to the administrator.[6] Rather, the Court must consider the plan language as a whole, focusing on the breadth of the administrator's power.[7]

The crux of this dispute turns on the effect of an amendment to the plan. The amendment, labeled "Discretionary Clause Amendment," removed almost every reference to discretion in the plan documents. For example, prior to the amendment, Section 8 of the plan, entitled "General Legal Provisions," read, in pertinent part:

> **Interpretation of Benefits**
> We *have the discretion* in accordance with state and federal law, to do all of the following:
> - Interpret Benefits under the Policy.
> - Interpret the other terms, conditions, limitations and exclusions set out in the Policy, including this Certificate, the Schedule of Benefits, and any Riders and/or Amendments.
> - Make factual determinations related to the Policy and its Benefits.
>
> We may delegate this *discretionary* authority to other persons or entities that provide services in regard to the

---

[4] *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

[5] *Wildbur v. ARCO Chem. Co.*, 974 F.2d 631, 636 (5th Cir. 1992).

[6] *Id.* at 637.

[7] *Id.*

3

>administration of the Policy.
>
>In certain circumstances, for purposes of overall cost savings or efficiency, we may, *in our discretion*, offer Benefits for services that would otherwise not be Covered Health Services. The fact that we do so in any particular case shall not in any way be deemed to require us to do so in other similar cases.[8]

The "Discretionary Clause Amendment" replaced "We have the discretion" with "We will" in the first sentence and deleted the other two references to discretion entirely.[9]

Defendant has not offered any explanation for this amendment, but it insists that it had no effect on the plan terms. In other words, Defendant contends that an amendment deleting almost every reference to its discretion had no effect on the broad discretion conferred by the plan. Defendant's argument is belied not only by the plain terms of the amendment but, more importantly, by Texas law.

The plan specifically provides that,

>We are delivering the Policy in the State of Texas. The Policy is governed by ERISA unless the Enrolling Group is not an employee welfare benefit plan as defined by ERISA. To the extent that state law applies, the laws of the State of Texas are the laws that govern the Policy.[10]

Texas state law prohibits the inclusion of discretionary clauses in insurance

---

[8] Doc. 21-2, p. 97–98 (bold in original, italics added).

[9] *Id.* at 133.

[10] *Id.* at 35.

4

policies.[11] Specifically, the Texas Administrative Code provides that the "[i]nclusion of a discretionary clause in any form to which this subchapter applies is prohibited."[12] The Code defines a discretionary clause as, *inter alia*, a clause that "gives rise to a standard of review in any appeal process that gives deference to the original claim decision."[13] The ban on discretionary clauses clearly applies to the policy at issue.[14]

Texas is not the only state to enact such a ban. In fact, nearly half of all states either ban or restrict the use of discretionary clauses in insurance policies.[15] Furthermore, every federal decision that this Court could locate has enforced state law bans on discretionary clauses against ERISA plans.[16]

---

[11] 28 Tex. Admin. Code § 3.1201, 3.1202, 3.1203.

[12] 28 Tex. Admin. Code § 3.1203.

[13] 28 Tex. Admin. Code § 3.1202.

[14] 28 Tex. Admin. Code § 3.1201 provides that the ban applies to any policy to which the Texas Insurance Code applies. The Texas Insurance Code expressly applies to all policies of health or accident insurance issued in Texas. Tex. Ins. Code Ann. § 1701.002. The plan at issue here explicitly states that the policy is issued in Texas. Doc. 21-2, p. 35.

[15] *See* D. Andrew Portinga & Claire Madill, *Conflicts of Laws and State Law Bans Discretionary Clauses Under ERISA*, 55 No. 12 DRI For Def. 46 (collecting authorities).

[16] *Standard Ins. Co. v. Morrison*, 584 F.3d 837, 845 (9th Cir. 2009) (holding that Montana Insurance Commissioner's practice of refusing to approve insurance policies containing discretionary clauses was not preempted by ERISA); *Am. Council of Life Insurers v. Ross*, 558 F.3d 600, 609 (6th Cir. 2009) (holding that Michigan insurance regulation prohibiting discretionary clause is not preempted by ERISA); *Novak v. Life Ins. Co. of N. Am.*, 956 F. Supp. 2d 900, 909 (N.D. Ill. 2013) (holding that Illinois insurance regulation prevented ERISA plan from granting authority to plan administrator); *Murray v. Anderson Bjornstad Kane Jacobs, Inc.*, No. 10-484, 2011 WL 617384, at *4 (W.D. Wash. Feb. 10, 2011) (holding that Washington insurance regulation prevented ERISA plan from granting authority to plan administrator); *see also Hancock v. Metro. Life Ins. Co.*, 590 F.3d 1141, 1149 (10th Cir. 2009) (implying, in dicta, that a blanket ban on discretionary clauses would be enforceable against ERISA plans).

In light of the foregoing, it appears clear to this Court that the "Discretionary Clause Amendment" was intended to bring the plan in line with Texas state law banning discretionary clauses. Defendant's argument that the amendment had no effect on its discretionary authority seems questionable at best. Even if the Court were inclined to accept this argument, it is clear that insurance policies delivered in Texas may not grant discretionary authority to plan administrators. Therefore, the Court is inclined to hold that, pursuant to Texas law, the plan does not grant "discretionary authority to determine eligibility for benefits or to construe the terms of the plan."[17] If the Court were to so hold, the administrator's decision would be reviewed *de novo*.

There exists one procedural obstacle to the Court's ruling. While Defendant moved the Court to hold that the abuse of discretion standard applied, Plaintiff made no motion to hold otherwise. Nonetheless, Rule 56(f) permits the Court to grant summary judgment to a nonmovant "after giving notice and a reasonable time to respond."[18] Because the grounds identified by the Court in this Order were not fully briefed by the parties, the Court will grant the parties an opportunity for further briefing. Accordingly, Defendant may file a brief, no later than 20 days from the issuance of this order. If Defendant files such a brief, Plaintiff may file a reply within 10 days. If Defendant fails to file a timely brief, the Court will issue an order granting partial summary judgment to Plaintiff on this issue and holding that the standard of review is *de novo*.

---

[17] *Firestone*, 489 U.S. at 115.

[18] Fed. R. Civ. Pro. 56(f).

## CONCLUSION

For the foregoing reasons, the Motion is DENIED.  The Court notifies the parties that it is considering granting summary judgment *sua sponte* to Plaintiff pursuant to Rule 56(f) on the issue discussed in this Order.  Accordingly, the parties may file additional briefing as outlined in this Order.

New Orleans, Louisiana, this 15th day of May, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**