UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


JOCEL RAVANNACK                                   CIVIL ACTION

VERSUS                                            NO: 14-2542

UNITED HEALTHCARE INS. CO.                        SECTION: "H"(3)

ORDER AND REASONS

Before the Court Plaintiff Jocel Ravannack's Motion for Contempt (Doc. 78). For the following reasons, this Motion is **DENIED**.


BACKGROUND

This case is an ERISA appeal. Plaintiff's minor child LB was treated for bipolar disorder at Sandhill Child Development Center from June 4, 2013 through some time in 2015. Plaintiff is insured under the terms of a policy issued by Defendant United Healthcare Insurance Company (the "Policy"). United has declined coverage for services provided at Sandhill. A brief review of the history of this dispute is helpful here.

1

LB is diagnosed as "Bipolar disorder mixed, severe, non-psychotic." The parties agree that this diagnosis is classified as a "Serious Mental Illness" per the terms of the Policy. Plaintiffs aver that the minor's condition required treatment at a Residential Treatment Facility. From March 13, 2013 through June 3, 2013 this treatment was provided at Meridell Achievement Center. His treatment was then "stepped down" to Sandhill Child Development Center, where he was treated from June 4, 2013 through May of 2015. United has not paid claims for services rendered at Sandhill.

United claims that, at the outset of litigation, it was only aware of claims made for treatment at Sandhill from June 4, 2013 to December 31, 2013. As to those claims, United represented that they were denied because medical records had not been timely furnished by Sandhill. As to the claims for 2014 and 2015, Plaintiff represented that those claims were filed via fax. Defendant responded that the number to which the claims were sent "is not a number at which United receives claims." To resolve this dispute, the Court ordered limited discovery relative to the fax number. The parties ultimately determined that the fax number was associated with United, but that it had nevertheless never processed the claims for 2014 and 2015.

Due to the incomplete nature of the administrative record, on January 24, 2017 the Court remanded this matter to United Healthcare for a full determination of all claims. Plaintiff now files the instant motion, averring that Defendant should be held in contempt for failure to comply with this Court's order. Defendant opposes.

## LEGAL STANDARD

"A federal court can find a party in civil contempt when the party 'violates a definite and specific order of the Court requiring him to perform or refrain from performing a particular act or acts with knowledge of the Court's order.'"[1] The movant in a civil contempt proceeding carries the burden of producing clear and convincing evidence showing that: (1) that a court order was in effect, (2) that the court order required certain conduct of the respondent, and (3) the respondent failed to comply with the court order.[2] The evidence must be "clear, direct and weighty and convincing" enough to allow the fact finder "to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case."[3] In civil contempt proceedings, the respondent's action need not be willful, as long as the respondent "actually failed to comply with the court's order."[4]

## LAW AND ANALYSIS

The Court previously found that United had failed to comply with ERISA's notice provisions for all claims that are the subject of this suit. Finding these violations to be procedural in nature, the Court remanded the matter to United for further development of the administrative record and a full determination of the claims at issue. In the instant Motion, Plaintiff avers that United has not complied with this order, in that it did not provide a

---

[1] *Bd. of Supervisors of the La. State Univ. and Agric. and Mech. Coll. v. Smack Apparel Co.,* 574 F.Supp.2d 601, 604 (quoting SEC v. First Fin. Grp., 659 F.2d 660, 669 (5th Cir.1981)).
[2] *Whitcraft v. Brown,* no. 08–10174, 2009 WL 1492833, *2 (5th Cir.2009) (citing *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir.1992)).
[3] *Test Masters Educ. Servs, Inc. v. Singh*, 428 F.3d 559, 581–82 (5th Cir.1999).
[4] *Am. Airlines v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir .2000).

determination of benefits within 60 days. United responds in opposition, averring that it had in fact issued a determination letter on April 21, 2017. Though it concedes that this letter was issued after the deadline imposed by ERISA, it avers that there is no authority for the relief sought by Plaintiff, namely, full payment of the claims and attorney's fees. This Court agrees. "[A]n administrator's failure to comply with the procedures mandated by ERISA generally does not give rise to a substantive remedy."[5] The record reflects that, following this Court's remand order, Defendant communicated with Plaintiff's counsel to determine if any additional documentation would be submitted in support of the disputed claims. After Plaintiff's counsel provided none, United proceeded to review the claims. Following a "review of the available documentation and all information received to date," United again determined that the level of care received at Sandhill was inappropriate and denied the claim.[6]

Plaintiff asserts that United's medical reviewer did not review the entire administrative record. This statement is unsupported by the record before the Court. United's determination letter indicates that its medical reviewer reviewed all available documentation. This presumably includes the medical records previously provided by Plaintiff. Regardless, Plaintiff has not submitted sufficient evidence to support a finding of contempt in this regard.

Plaintiff also complains that United did not communicate with the insured to request more information before denying the claims. This statement is misleading, as the record reveals that prior to processing the claims, counsel

---

[5] *Goldman v. Hartford Life & Acc. Ins. Co.*, No. CIV.A. 03-0759, 2006 WL 861016, at *3 (E.D. La. Mar. 30, 2006).

[6] Doc. 83-1.

for United asked if there was any additional documentation to support the claims.

The Court finds that there is no basis upon which to hold United in contempt at this time. The Court's previous order did not specifically direct Defendant to complete its review in any defined period of time. Additionally, "ERISA does not require strict compliance with its procedural requirements, mandating only that plan administrators 'substantially comply' with the statute and accompanying regulations."[7] Technical violations of ERISA may be excused when the violation does "not raise serious doubts as to whether the result reached was the product of an arbitrary decision or the plan administrator's whim."[8] The Court ordered Defendant to review Plaintiff's claim anew, and it appears that Defendant has now complied with this order. Plaintiff is now in a position to take advantage of United's appeals process to allow for complete development of the administrative record. In any event, Plaintiff has provided this Court with no authority indicating that failure to comply with ERISA's deadlines should inure to her benefit in the form a full award of her claim without any review whatsoever. Accordingly, this Motion is **DENIED**.

---

[7] *Baptist Mem'l Hosp.--DeSoto Inc. v. Crain Auto. Inc.*, 392 F. App'x 288, 293 (5th Cir. 2010).

[8] *Goldman v. Hartford Life & Acc. Ins. Co.*, 417 F. Supp. 2d 788, 799 (E.D. La. 2006).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Contempt is **DENIED**.

New Orleans, Louisiana this 17th day of July, 2017.

_____
 **JANE TRICHE MILAZZO
 UNITED STATES DISTRICT JUDGE**